# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ADAM WOODARD,**

           **Plaintiff,**

**v.**                                          **Case No:   6:16-cv-2185-Orl-GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

           **Defendant.**

## MEMORANDUM OF DECISION

Adam Woodard (the "Claimant") appeals to the District Court a final decision of the Commissioner of Social Security (the "Commissioner") denying his application for Supplemental Security Income ("SSI"). Doc. No. 1. Claimant argues that the Administrative Law Judge (the "ALJ") committed reversible error by applying improper legal standards to the medical opinions of Drs. Michael L. Zelkowitz and James Hunt. Doc. No. 17 at 11-20. Claimant requests that the Commissioner's decision be reversed and remanded for further proceedings. *Id.* at 25. For the reasons set forth below, the Commissioner's decision is **REVERSED** and **REMANDED** for further proceedings.

## I.    PROCEDURAL BACKGROUND

On February 27, 2013, Claimant filed his SSI application. R. 230. Claimant alleges a disability onset date of May 15, 2012. *Id.* On April 18, 2013, Claimant's application was denied initially. R. 152. On May 23, 2013, Claimant's application was denied upon reconsideration. R. 161. On June 27, 2013, Claimant filed a request for hearing. R. 167. On April 13, 2015, Claimant attended a hearing before the ALJ. R. 41-94. On May 8, 2015, the ALJ issued an unfavorable

decision. R. 21-34. On June 29, 2015, Claimant requested review of the ALJ's decision. R. 12-17. On October 28, 2016, the Appeals Council denied Claimant's request. R. 1-5. On December 21, 2016, Claimant filed his appeal. Doc. No. 1.

## II.     STANDARD OF REVIEW

The Social Security regulations delineate a five-step sequential evaluation process for determining whether a claimant is disabled. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999) (citing 20 C.F.R. § 404.1520). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (citations and quotations omitted).

## III.    WEIGHING MEDICAL OPINIONS

Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part in determining whether a claimant is disabled. In cases involving an ALJ's

handling of medical opinions, "substantial-evidence review . . . involves some intricacy." *Gaskin v. Comm'r of Soc. Sec.*, 533 Fed. Appx. 929, 931 (11th Cir. 2013).[1] In *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can or cannot do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is a medical opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Id*. at 1178-79 (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Winschel*, 631 F.3d at 1179 (citations omitted). *See also MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (failure to state with particularity the weight given to opinions and the reasons therefor constitutes reversible error). An ALJ may not "implicitly discount" or ignore any medical opinion. *Winschel*, 631 F.3d at 1178-79; *MacGregor*, 786 F.2d at 1053; *McClurkin v. Soc. Sec. Admin*., 625 Fed. Appx. 960, 962-63 (11th Cir. 2015) (reversible error for an ALJ to fail to state weight given to non-examining physician's opinion).

## IV. ANALYSIS

### A. Dr. Zelkowitz

On February 3, 2012, Dr. Zelkowitz completed a form regarding Claimant's physical ability to do work-related activities (the "PRFC Form"). R. 349-54. The following is taken from the PRFC Form. Claimant can occasionally lift or carry up to ten pounds, but cannot lift or carry over ten pounds. R. 349. Claimant can sit for a total of two hours in an eight-hour workday and

---

[1] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

stand or walk for one hour in an eight-hour workday. R. 350. Claimant can never reach overhead or operate foot controls. R. 351. He can never climb ladders or scaffolds, balance, stoop, kneel, crouch, or crawl. R. 352. Dr. Zelkowitz did not provide any medical or clinical findings in support of his opinion. R. 349-354.

At step two, the ALJ found that Claimant had the following severe impairments: osteoarthritis of the right shoulder, degeneration of the spine, ADHD, depression, anxiety, personality disorder, and bipolar disorder. R. 23. At step four, the ALJ found that Claimant had the Residual Functional Capacity ("RFC") to perform light work except that Claimant cannot: 1) lift and carry more than twenty pounds occasionally; 2) lift and carry more than ten pounds frequently; 3) stand and walk for more than six hours in an eight-hour workday; 4) sit for more than six hours in an eight-hour workday; 5) do more than occasional balancing, stooping, kneeling, crouching, or climbing of ramps and stairs; and 6) crawl or climb ladders, ropes or scaffolds.[2] R. 25. The ALJ gave little weight to the PRFC Form:

> <u>Little weight is given to the opinion of Dr. Zelkowitz at [R. 349-54].</u> Dr. Zelkowitz, an anesthesiologist, opined that [Claimant] was limited to perform less than even sedentary exertional work. Such extreme limitations are not supported by the medical evidence, and <u>inasmuch as Dr. Zelkowitz did not cite medical evidence in support of his opinion, it is of little probative value.</u>

---

[2] The Commissioner's regulations define light work as:

> (b) Light work. <u>Light work involves lifting no more than [twenty] pounds at a time with frequent lifting or carrying of objects weighing up to [ten] pounds.</u> Even though the weight lifted may be very little, <u>a job is in this category when it requires a good deal of walking or standing</u>, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. <u>To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.</u> If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567 (emphasis added).

R. 32 (emphasis added). Thus, the ALJ gave little weight to the PRFC Form because Dr. Zelkowitz did not cite medical evidence in support of his opinion. *Id.* Claimant argues that the ALJ committed reversible error by giving little weight to the PRFC Form. Doc. No. 17 at 13-16.

It is well-established that, absent good cause, the opinion of a treating physician must be given substantial weight. *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988). A treating physician's opinion, however, "may be discounted when it is not accompanied by objective medical evidence or is wholly conclusory." *Edwards v. Sullivan*, 937 F.2d 580, 584 (11th Cir. 1991) (citations omitted) (finding no error in an ALJ's refusal to accept a treating physician's medical opinion that "contains no clinical data or information to support his opinion"); *Lanier v. Comm'r of Soc. Sec.*, 252 Fed. Appx. 311, 314 (11th Cir. 2007) (finding a treating physician's opinion conclusory because he provided no "objective medical evidence to support his findings").

The Commissioner does not contest Dr. Zelkowitz's status as a treating physician, and the Court agrees. Doc. No. 17 at 22-23. Claimant visited Dr. Zelkowitz multiple times before he completed the PRFC Form. Doc. No. 17 at 14 (citing R. 372-403). Dr. Zelkowitz, however, did not provide any medical or clinical findings in support of his opinion when prompted by the PRFC Form. R. 349-54. Thus, because Dr. Zelkowitz provides no clinical data or information in support of the PRFC Form's physical limitations, the ALJ had good cause to give little weight to the PRFC Form and did not commit any reversible error in his treatment thereto.

**B.      Dr. Hunt**

On November 20, 2014, Claimant visited Dr. Hunt for a psychological evaluation and treatment for his mental health issues. R. 778-79. On the same day, Dr. Hunt completed a new patient summary (the "Summary") describing Claimant's diagnoses, medications, and medical history. *Id.* In the Summary, Dr. Hunt states that Claimant "does appear to be suffering from

bipolar disorder as well as ADHD." R. 779. Dr. Hunt also states that Claimant "is trying to get disability and hopefully that can be obtained as I think he really is disabled at this point." *Id.*

On March 4, 2015, Dr. Hunt completed a form regarding Claimant's mental ability to do work-related activities (the "MRFC Form"). R. 781-82. With regard to Claimant's mental ability to perform unskilled work, the MRFC Form states that Claimant is seriously limited in: remembering work-like procedures; maintaining attention for two-hour segments; maintaining regular attendance and being punctual; sustaining an ordinary routine without special supervision; working in coordination with or proximity to others without being unduly distracted; completing a normal workday and workweek without interruption; accepting instructions and responding appropriately to criticism from supervisors; getting along with co-workers and peers; and responding appropriately to routine changes in the work setting.[3] R. 781. The MRFC Form states that Claimant is seriously limited in: understanding, remembering, and carrying out detailed instructions; setting realistic goals or making plans independently of others; dealing with the stress of semiskilled and skilled work; interacting appropriately with the general public; and traveling in unfamiliar places. R. 782. The MRFC Form defines "seriously limited" as having noticeable difficulty with a certain task from eleven to twenty percent of the workday or workweek. R. 781. Finally, the MRFC Form states that Claimant has been disabled for four to five years. R. 782.

At step four, the ALJ found that Claimant had the RFC to perform light work except that Claimant: 1) cannot perform more than simple, routine work; 2) can maintain attention and concentration for two-hour intervals necessary to complete simple tasks; 3) can have no more than occasional interaction with co-workers or supervisors; 4) cannot have contact with the general public; and 5) can have no more than occasional changes in the workplace. R. 25-26. The ALJ also

---

[3] The Commissioner's regulations define unskilled work as "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. § 404.1568(a).

gave little weight to the Summary and MRFC Form because they are "ostensibly offered to be dispositive to the ultimate issue of disability, an issue that is reserved exclusively to the Commissioner. By regulation, such opinions are entitled to no special significance or weight." R. 32. Claimant argues that the MRFC Form contains an opinion of what Claimant can or cannot do despite his mental limitations, and the ALJ applied an improper legal standard to that opinion. Doc. No. 17 at 16-17.

The parties do not contest that the MRFC Form is a medical opinion, and the Court agrees. Doc. No. 17 at 16, 23-24. The MRFC Form contains Dr. Hunt's opinions as to what Claimant can or cannot do despite his mental limitations. R. 781-82. *See also Winschel*, 631 F.3d at 1178-79. The Court finds that the ALJ properly gave little weight to the portion of the MRFC Form which states that Claimant has been disabled for four to five years because such a determination is reserved to the Commissioner. *See Lawton v. Comm'r of Soc. Sec.,* 431 Fed. Appx. 830, 834 (11th Cir. 2011) (noting that opinions "on dispositive issues reserved to the Commissioner, such as whether the claimant is disabled or unable to work, is excluded from the definition of a medical opinion and is not given special weight, even if it is offered by a treating source …"). The ALJ, however, erred in giving little weight to the entire MRFC Form because it contains other opinions regarding Claimant's mental limitations and what Claimant can or cannot do despite those limitations. R. 781-82; *supra* p. 6. *See also Rosario v. Comm'r of Soc. Sec.*, 877 F.Supp.2d 1254, 1266-67 (M.D. Fla. 2012) (finding that the ALJ erred in giving less than controlling weight to treating physicians' medical opinions because the opinions "did not simply opine that Claimant is disabled or unable to work. Rather, they provided opinions on [the] [c]laimant's physical abilities and limitations …").

The Court must determine whether the ALJ's error is harmless. In *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983), the Eleventh Circuit held that an ALJ's misstatement of fact is harmless error if it does not affect the ALJ's conclusion. As noted above, the MRFC Form provides Dr. Hunt's opinions regarding Claimant's mental abilities to perform unskilled work. R. 781. With regard to such abilities, the MRFC Form states that Claimant is seriously limited in maintaining attention for two-hour segments. *Id*. In other words, Dr. Hunt found that Claimant has noticeable difficulty in maintaining attention for two-hour segments from eleven to twenty percent of the workday or workweek when performing unskilled work, which is work requiring "little or no judgment to do <u>simple duties</u> that can be learned on the job in a short period of time." *Id.*; 20 C.F.R. § 404.1568(a) (emphasis added). *See also supra* p. 6. The ALJ, however, found that Claimant had the RFC to maintain attention and concentration for two-hour intervals necessary to complete simple tasks. R. 25. Thus, the MRFC Form contains mental limitations that are more restrictive than the RFC, namely with regard to Claimant's ability to maintain attention and concentration for two-hour intervals while completing simple tasks. R. 25, 781. The ALJ does not state what weight, if any, was given to the portion of the MRFC Form containing Dr. Hunt's opinions as to Claimant's mental abilities. R. 32. Thus, because the ALJ failed to state with particularity the weight given to the portion of a medical opinion containing mental limitations as well as the reasoning therefor, and the opinion is more restrictive than the RFC, the undersigned finds that the ALJ's error is not harmless, and that the case should be remanded for further proceedings. *See Rosario*, 877 F.Supp.2d at 1266-67; *Cox v. Astrue*, No. 1:11cv519–WC, 2012 WL 2445067, at 3-4 (M.D. Ala. Jun. 27, 2012) (finding reversible error because "[t]he problem is that where [a medical] opinion is more restrictive than the RFC, the ALJ's deviation from [the medical] opinion is not explained").

## V. CONCLUSION

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** for further proceedings pursuant to sentence four of Section 405(g); and

2. The Clerk is directed to award judgment in favor of Claimant and to close the case.

**DONE** and **ORDERED** in Orlando, Florida on November 9, 2017.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

Bradley K. Boyd
Suite D-1310 W Eau Gallie Blvd
Melbourne, FL 32935

John F. Rudy, III
Suite 3200
400 N Tampa St
Tampa, FL 33602-4798

Mary Ann Sloan, Regional Chief Counsel
Dennis R. Williams, Deputy Regional Chief Counsel
Susan Kelm Story, Branch Chief
Christopher G. Harris, Assistant Regional Counsel
Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303-8920

The Honorable Greg Holsclaw
Administrative Law Judge
c/o Office of Disability Adjudication and Review
Desoto Building #400
8880 Freedom Crossing
Jacksonville, FL 32256-1224